Doyal & Nunally, for plaintiff in error.

D. J. Bailey, Speer & Beck, for defendants.

---

A. J. McWILLIAMS, plaintiff in error, v. J. H. WALTHALL, defendant in error.*

(Atlanta, June Term, 1870.)

BILL OF EXCEPTIONS—CERTIFICATION—DEFECT NOT CURED—MANDAMUS.—A bill of exceptions, not properly certified, will be dismissed. If it comes up without any certificate, the defect is not cured by having the Clerk below subsequently examine it, describe it, and then certify that the paper so described is the true original bill of exceptions, etc., as required by the statute. The remedy to supply such a defect is mandamus. (R.)

Bill of Exceptions. Practice. From Coweta.

The bill of exceptions in this cause was filed below on the 30th of September, 1869, and returned to December Term, 1869, of this Court. It was continued, upon a suggestion of a diminution of the record, made by counsel for defendant in error.

The paper, detached from the bill of exceptions, and purporting to be a transcript of the record, had no certificate upon it. On the bill of exceptions was a certificate that "the foregoing is a full and complete transcript of the records and proceedings in the Superior Court of said county, in an action of assumpsit, in which John H. Walthall is plaintiff and A. J. McWilliams is defendant." This certificate was dated the 8th of October, 1869, and it arrived and was filed in the Clerk's office of this Court on that day. There was no

---

See foot-notes to Nacooche Hydraulic Min. Co. v. Davis, 40 Ga. 309; McCree v. Americus, 41 Ga. 411.

*See the same case in 65 Ga. 109; 77 Ga. 7.

certificate that the bill of exceptions was the true original, etc.

Pursuant to this suggesttion, the Clerk below was served with an order to send up a complete transcript, etc., by the *next term. When counsel for plaintiff in error arrived here and found no compliance with said order, he procured leave to take the papers from the office of this Court, carried them with him to the Clerk below, and obtained a complete transcript of the record, certified in the usual form, with this addition: "I do further certify that the bill which was filed in my office on the 30th day of September, 1869, and was by me filed in the Clerk's office of the Supreme Court, on the 8th day of October, 1869, is the true original bill of exceptions in said case, just as it was received from Judge J. R. Parrott, who presided on the trial of said case." This was dated June 25th, 1870, and was brought here and filed in office on the same day. (This course was adopted because counsel did not feel at liberty to allow the Clerk to put anything on the papers, after they had been filed in the office of this Court.)

On the 28th of June, 1870, the cause was called here for a hearing. A motion was made to dismiss it on various grounds, one of which was because the bill of exceptions had on it no certificate that it was the true original, etc.

Counsel for plaintiff in error met this with the following affidavits: One from the Clerk below, in which he stated that five or six weeks ago he had certified and sent here by mail a complete transcript of the record in said cause. One by counsel for plaintiff in error, in which he stated as follows: He was ready to suggest the diminution of the record at December Term, 1869, and would have done so had he not been anticipated by counsel for defendant in error; that afterwards he saw the Clerk with an envelope en route for the post-office, saying it contained the correct transcript, which he was then sending to the Clerk of this Court; he supposed the same was here, till he arrived and found out the contrary from the Clerk of this Court; that he then took an order to take said papers from the Clerk's office of this Court and procured the new transcript and new certificate, as aforesaid. He contended, that as the record was now complete, and the bill of exceptions was by its face the true original, the certificate of the Clerk to its identity, by describing it as aforesaid, *was sufficient to save the cause from dismissal on that ground. The Court, however, dismissed it on that ground.

Smith & Turner, Wm. Dougherty, by A. W. Hammond & Son, for plaintiff in error.

Hugh Buchanon, for defendant.